UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

---

RONITA FOY, individually and on behalf of all others similarly situated, as the Collective Representative,

Plaintiff,

v.

LABORATORY CORPORATION OF AMERICA HOLDINGS d/b/a LABCORP DIAGNOSTICS,

Defendant.

---

Civil Action No. _____

**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, Ronita Foy ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant, Laboratory Corporation of America Holdings, d/b/a LabCorp Diagnostics ("Defendant" or "LabCorp"), and alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated individuals who work or worked as Service Representatives/Couriers or in comparable roles with different titles ("SRs") for Defendant anywhere in the United States, with the exception of California and New York.

2. LabCorp is an independent clinical laboratory business, which employs about 39,000 employees.

3. LabCorp employs SRs to pick up, transport, and deliver medical specimens, lab supplies, and reports with respect to LabCorp Patient Service Centers, doctor's offices, and other medical facilities.

4. SRs are hourly employees, and LabCorp classifies them as non-exempt from the overtime pay requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA").

5. LabCorp does not pay SRs for all hours and overtime worked including work performed before their shift start time, during their unpaid 30-minute meal breaks, and after their shifts.

6. By the conduct described herein, Defendant has violated the FLSA by failing to pay SRs, including Plaintiff, the wages and overtime wages they have earned and to which they are entitled by law.

7. Plaintiff brings this action on behalf of herself and similarly situated current and former SRs who worked for Defendant nationwide (with the exception of California and New York) and who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

# THE PARTIES

## *Plaintiff Ronita Foy and Opt-In Plaintiffs*

8. Plaintiff is an adult individual who is a resident of Fayetteville, North Carolina.

9. Plaintiff was employed by Defendant in Fayetteville, North Carolina as an SR from approximately August 2017 to August 2018.

10. Plaintiff was employed as a full-time employee. Defendant regularly scheduled her to work at least five days per work week from 11:00 am to 7:30 pm.

11. Pursuant to Defendant's policy, pattern, or practice, Plaintiff was not paid for approximately four to seven overtime hours she worked each week as an SR while performing pre-shift duties off-the-clock, working through unpaid meal breaks, and attending to vehicle maintenance issues for LabCorp's vehicle.

12. At all times relevant hereto, Plaintiff Foy was a covered employee within the meaning of the FLSA.

13. On September 9, 2020, Plaintiff joined a similar action against LabCorp filed in the Northern District of New York, styled *Peterson v. Laboratory Corporation of America Holdings*, No. 1:20 Civ. 1056 (N.D.N.Y). Her written consent was filed as part of ECF No. 7 in *Peterson.*

14. Plaintiff and other individuals who were employed by LabCorp outside of New York were dismissed from *Peterson* without prejudice and with their claims tolled from the filing of their respective consent forms through 30 days after January 28, 2021. *See* So

Ordered Stip., *Peterson v. Laboratory Corporation of America Holdings*, No. 1:20 Civ. 1056, ECF No. 38 (N.D.N.Y Jan. 28, 2021).

15. A written consent form for Plaintiff is attached as Exhibit A.

16. The written consent forms of the other individuals who were dismissed from *Peterson* and seek to join this action as "Opt-In Plaintiffs" are attached as Exhibit B.

### *Defendant*

17. LabCorp is a Delaware corporation with a principal place of business in North Carolina.

18. LabCorp's headquarters are located at 531 South Spring Street, Burlington, North Carolina 27215.

19. LabCorp operates throughout North Carolina including in this District.

20. LabCorp provides its medical and diagnostic tests and services in approximately 47 states and has nearly 2,000 Patient Service Centers in the United States.

21. At any given time, LabCorp employs approximately 3,400 SRs nationwide, including SRs in North Carolina.

22. At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA.

23. Throughout the relevant period, Defendant employed Plaintiff and other SRs within the meaning of the FLSA. Defendant has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

24. At all times relevant, Defendant maintained control, oversight, and direction over Plaintiff and other SRs, including timekeeping, payroll, and other employment practices that applied to them.

25. Defendant applies the same employment policies, practices, and procedures to all SRs.

26. At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

27. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

28. This Court also has jurisdiction over Plaintiff Foy's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

29. Venue is proper in the Middle District of North Carolina pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District; and pursuant to 28 U.S.C. § 1391(a) because LabCorp is headquartered in this District.

30. Lastly, this Court has jurisdiction over LabCorp, and the claims of Plaintiff, out-of-state Opt-In Plaintiffs, and putative FLSA Collective members because LabCorp's principal place of business is located in North Carolina.

## COMMON FACTUAL ALLEGATIONS

31. Throughout their employment with Defendant, Plaintiff and other SRs regularly worked in excess of 40 hours per week, such as those specific overtime hours identified above.

32. Defendant was aware that Plaintiff and other SRs worked unpaid hours and worked more than 40 hours per workweek, yet Defendant failed to pay them overtime compensation for all overtime hours worked.

33. LabCorp requires that Plaintiff and SRs clock out during a 30-minute, unpaid lunch break on each shift. Due to the heavy workload requirements and demanding route schedules, Plaintiff and SRs do not take uninterrupted *bona fide* meal breaks, but instead perform work during most of their breaks without compensation.

34. In addition, LabCorp requires that Plaintiff and SRs arrive before their shifts to prepare for their routes. Such preparation work includes making specimen collection boxes, obtaining ice for the specimens, and checking whether additional routes were added to the SRs' schedules. Plaintiff and SRs arrive about 15 minutes before their shifts to perform such tasks, but LabCorp does not permit them to clock in until their shift time, resulting in unpaid time worked on each shift.

35. LabCorp provides Plaintiff and SRs with vehicles to perform their duties. However, Plaintiff and SRs attend to handling vehicle maintenance issues like oil changes and repairs on their days off or when they are not on the clock. LabCorp does not pay them for such time worked.

36. LabCorp issued paystubs to Plaintiff and SRs that failed to list all of the hours they actually worked on them.

37. All of the work that Plaintiff and other SRs performed was assigned by Defendant or Defendant knew, whether constructively or actually, of the work that Plaintiff and other SRs performed.

38. Upon information and belief, Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

39. Defendant was aware, or should have been aware, that the FLSA required it to pay Plaintiff and other SRs compensation for all hours worked, including all overtime hours worked.

40. Defendant's failure to pay Plaintiff and other SRs wages for all hours worked, including overtime hours, was willful. Defendant recklessly disregarded its obligation to ensure that it paid for all work performed and did not take action to make sure Plaintiff and SRs were paid for all hours worked. Defendant did not investigate or inquire whether Plaintiff and SRs were paid for all time worked, including time working before SRs clocked in, during lunch breaks, and while handling vehicle maintenance. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendant as SRs at any LabCorp location in the United States (excluding California

and New York), on or after three years prior to the filing of this Complaint to the date of judgment in this action, who elect to opt-in to this action (the "FLSA Collective").

42. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

43. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for all hours that they worked in excess of 40 hours per workweek; and

    b. willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

44. Defendant is aware or should have been aware that federal law required it to pay non-exempt employees, including Plaintiff and the members of the FLSA Collective, an overtime premium for all hours worked in excess of 40 per workweek.

45. Defendant's unlawful conduct has been widespread, repeated, and consistent.

46. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit

from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join this action.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(On Behalf of Plaintiff and the FLSA Collective)**

47. Plaintiff realleges and incorporates by reference all preceding allegations.

48. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

49. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

50. At all relevant times, Plaintiff and other similarly situated current and former SRs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

52. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Plaintiff and other similarly SRs are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

54. Defendant failed to pay Plaintiff and other similarly situated current and former SRs the overtime wages to which they were entitled under the FLSA.

55. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the FLSA Collective.

56. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

57. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to the First Cause of Action, pursuant to 29 U.S.C. § 255.

58. As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated SRs have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

59. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former SRs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members. Such

- 10 -

Case 1:21-cv-00165-WO-JEP   Document 1   Filed 02/26/21   Page 10 of 12

notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

      B.     Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

      C.     Pre-judgment interest and post-judgment interest as provided by law;

      D.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing their unlawful practices;

      E.     A reasonable incentive award for the Plaintiff to compensate her for the time and effort she has spent protecting the interests of other SRs and the risks she has undertaken.

      F.     Pre-judgment and post-judgment interest as provided by law;

      G.     Attorneys' fees and costs of the action; and

      H.     Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

 s/ David E. Rothstein                                .
David E. Rothstein, NC State Bar No. 37825
ROTHSTEIN LAW FIRM, PA
1312 Augusta Street
Greenville, SC 29605
Tel: (864) 232-5870
drothstein@rothsteinlawfirm.com

Michael J. Palitz*
SHAVITZ LAW GROUP, P.A.
800 3rd Avenue, Suite 2800
New York, New York 10022
Tel:    (800) 616-4000
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Tamra Givens*
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL  33431
Tel:    (561) 447-8888
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

Troy L. Kessler*
Garrett Kaske*
KESSLER MATURA P.C.
534 Broadhollow Road, Suite 275
Melville, NY 11747
Tel: (631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com

*Notice of Special Appearance forthcoming

***Attorneys for Plaintiff and the Putative FLSA Collective***

February 26, 2021
Greenville, SC.

- 12 -